UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NAVEEN KUMAR,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>Kristi Noem, et al,,<br><br>　　　　Respondents. | Case No.  2:26-cv-00106-JLT-HBK<br><br>ORDER DENYING PETITIONER'S MOTION FOR APPOINTMENT OF COUNSEL<br><br>(Doc. 3) |

Pending before the Court is pro se Petitioner's Motion to Appoint Counsel, filed on January 14, 2026.  (Doc. 3).  Petitioner seeks appointment of counsel "to protect Petitioner's due process rights, ensure effective advocacy, and avoid a fundamentally unequal proceeding." (*Id*. at 4).

Petitioner, who is currently detained by Immigration and Customs Enforcement, has a petition for writ of habeas corpus under 28 U.S.C. § 2241 pending.  (Doc. 1, "Petition").  According to the Petition, Petitioner entered the United States on March 29, 2022, was subsequently released that same year under the intensive supervision appearance program ("ISOP/ISAP"), but was arrested and re-detained on October 24, 2025 in violation of the due process clause of the Fifth Amendment.  (*Id*.).  As relief, Petition seeks release from custody or, alternatively, Respondent be ordered to schedule a bond hearing before an immigration judge.  (*Id*. at 34-35).  Petitioner also requests the Court to grant preliminary "and permanent" injunctive

relief from further unlawful detention.  (*Id*. at 34).

As a threshold matter, there is no automatic, constitutional right to counsel in federal habeas proceedings.  *See Coleman v. Thompson*, 501 U.S. 722, 752 (1991); *Anderson v. Heinze*, 258 F.2d 479, 481 (9th Cir. 1958).  The Criminal Justice Act, 18 U.S.C. § 3006A, however, authorizes this court to appoint counsel for a financially eligible person who seeks relief under § 2241 when the "court determines that the interests of justice so require."  *Id*. at § 3006A(a)(2)(B); *see also Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986); *Bashor v. Risley*, 730 F.2d 1228, 1234 (9th Cir. 1984).  To make this assessment, in addition to finding a petitioner financially eligible, the courts consider a petitioner's (a) "likelihood of success on the merits" and (b) "ability ... to articulate his claims pro se in light of the complexity of the legal issues involved."  *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986).  Alternatively, the Rules Governing Section 2254 Cases in the United States District Courts[1] require the court to appoint counsel: (1) when the court has authorized discovery upon a showing of good cause and appointment of counsel is necessary for effective discovery; or (2) when the court has determined that an evidentiary hearing is warranted.  *Id*. at Rs. 6(a) and 8(c); *see also Terrovona v. Kincheloe*, 912 F.2d 1176, 1881 (9th Cir. 1990).

Regarding whether Petitioner is financially eligible, based on the information contained in Petitioner's application to proceed *in forma pauperis* sworn to under penalty of perjury, the Court granted Petitioner *in forma pauperis* status.[2]  As to the likelihood of success, Petitioner contests his re-detention after his previous release pending removal proceedings violates the due process clause.  To better ascertain the basis of Petitioner's immigration status and detention and evaluate Petitioner's due process claim, the Court directed Respondent to respond to the Petition, which is not yet due.  Consequently, without reviewing the response, the Court cannot determine whether

---

[1] The Rules governing section 2254 Cases may be applied to petitions for writ of habeas corpus other than those brought under § 2254 at the Court's discretion.  *See Id*., R. 1(b).

[2] The Court notes, in his motion seeking *in forma pauperis* status, Petitioner did not respond to question 2, which inquired about Petitioner's date of last employment and amount of salary per month and how long employment lasted.  (Doc.2 at 2).  Petitioner attaches to his Petition an "Employment Letter" from his employer dated November 5, 2025 confirming Petitioner's employment from February 8, 2025 to October 18, 2025 and weekly salary of $2000.  (Doc. 1 at 49).

2

Petitioner can show a likelihood of success of the merit at this early stage of the proceedings. Additionally, when directing Respondent to respond to the Petition the Court directed Respondent to attach any records necessary for considering the Petition.  Thus, it is not clear whether any discovery or an evidentiary hearing is necessary until the Court reviews the record.  Finally, although Petitioner generally cites the "absence of binding authority in this issue" and his limited legal knowledge, Petitioner was able to competently file his 36-page habeas petition incorporating a request for preliminary injunction that includes a statement of facts and supporting law concerning his claim for habeas relief.  As a result, Court finds the circumstances of this case presently do not indicate that appointed counsel is necessary to prevent due process violation.

Accordingly, it is ORDERED:

Petitioner's motion for appointment of counsel (Doc. 3) is denied without prejudice.

Dated:   January 21, 2026

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE