**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| NAVEEN KUMAR,<br><br>Petitioner,<br><br>v.<br><br>THE UNITED STATES OF AMERICA;<br>KRISTI NOEM, et. al,<br><br>Respondents. | Case No.: 2:26-cv-00106 JLT HBK (HC)<br><br>A File No: 220-843-095<br><br>ORDER ADOPTING FINDINGS AND<br>RECOMMENDATIONS AND GRANTING<br>PETITION FOR WRIT OF HABEAS CORPUS<br><br>(Docs. 1, 17) |

Petitioner Naveen Kumar is an immigrant detainee in U.S. Immigration Customs and Enforcement (ICE) custody at the Golden State Annex Detention Facility in McFarland, California, proceeding pro se on his petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. 1, "Petition.") This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On March 11, 2026, the assigned magistrate judge issued findings and recommendations to grant the petition for writ of habeas corpus and order Respondent to immediately release Petitioner. (Doc. 17.) On March 16, 2026, Respondents timely filed "objections" consisting of a single sentence that they object to the findings and recommendations for the reasons set forth in their prior briefing. (Doc. 20.)

According to 28 U.S.C. § 636(b)(1)(C), this Court performed a *de novo* review of this

1

case. Having carefully reviewed the matter, the Court concludes the findings and recommendations are supported by the record and proper analysis. Thus, the Court **ORDERS**:

1. The findings and recommendations issued on March 11, 2026 (Doc. 17) are **ADOPTED** in full.

2. The petition for writ of habeas corpus (Doc. 1) is **GRANTED.**

3. Respondents are directed to **IMMEDIATELY RELEASE** Petitioner from DHS custody on the same conditions as his prior release from custody.

4. Once released, Respondents are **ENJOINED** from rearresting or re-detaining Petitioners absent compliance with constitutional protections, which include, at a minimum, pre-deprivation notice of at least seven days before a pre-deprivation hearing at which the government will bear the burden of demonstrating by clear and convincing evidence that they are likely to flee or pose a danger to society if not arrested.

5. If legally sufficient circumstances justify arrest without notice in advance, a post-deprivation hearing consistent with the requirements set forth here **SHALL** be provided within seven days of the arrest. Alternatively, if Petitioner becomes subject to a final order of removal and Petitioner receives notice of such order, Respondents may detain Petitioner for the sole and limited purpose of executing removal. In this event, Respondents **SHALL** provide a bond hearing in the timeframe required by law.

6. The Clerk of Court is directed to terminate all pending deadlines/motions and close this case.

IT IS SO ORDERED.

Dated: March 18, 2026

_____
JENNIFER L. THURSTON
U.S. District Judge

2